West Mead Township, Appellant, v. Terregino.

Argued September 29, 1966. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

R. *Charles Thomas,* Solicitor, for appellant.

*Peter E. Blystone,* with him *Eckels, Blystone, Fuller & Kinnunen,* for appellee.

OPINION PER CURIAM, November 15, 1966:

The zoning officer of the Township of West Mead filed a complaint against Anthony Terregino before the justice of the peace charging him with violation of Ordinance No. 10, which ordinance was passed pursuant to the Act of March 11, 1959, P. L. 13, 53 P.S. §65758, which authorizes townships of the second class the power, inter alia, "To regulate and license junk dealers and the establishment and maintenance of junk yards and scrap yards, including, but not limited to, automobile junk or grave yards, and to prescribe license fees therefor not to exceed Two Hundred Dollars ($200.00) per year."

The township charged that Terregino had operated his junk business without obtaining the license required under Ordinance No. 10 and without proper compliance with its requirements that the licensed property be set back a minimum distance of 60 feet from all streets or roads and a minimum distance of 25 feet from all other property lines, the area between

the set back line and the streets and roads and other properties to be kept clear and vacant. The ordinance further provided for the area to be enclosed by fence or by evergreen screen plantings as determined by the board of township supervisors.

Terregino was found guilty of violating the ordinance and fined $25 plus costs. An appeal by him to the common pleas court was allowed by that court. After hearing, that court found Terregino not guilty, concluding that the requirements of Ordinance No. 10 were unconstitutional and that the board's insistence on Terregino's erecting a fence around the premises unjustified.

The Township has appealed to us from the order of the common pleas court.* However, in doing so, it has failed to comply with Rule 68½ which provides: "Where the subject matter does not fall within the statutory jurisdiction of the Superior Court, *an appeal to the Supreme Court in the nature of a certiorari from a judgment order or decree will lie only if specially allowed by the Court or by a Judge thereof,* where a statute expressly provides that there shall be no appeal from the decision or order or judgment or decree of a Court, or that the decision or order or judgment or decree of a Court shall be final or conclusive, or shall not be subject to review, or where the relevant statute is silent on the question of appellate review." (Emphasis supplied.)

That Rule sets forth the requirements of the petition which must be filed by the party seeking the appeal to this Court. No such petition was filed in this case, and hence we are constrained to quash the appeal.

Appeal quashed.

---

* The order from which the appeal is taken is conclusive. See Acts of June 19, 1961, P. L. 486; June 6, 1963, P. L. 73, 53 P.S. §65741.